UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK ZUPO,

         Plaintiff,

v.                           CASE No. 8:11-CV-2857-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's impairment of environmental allergies, the Commissioner's decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was fifty-eight years old at the time of the administrative hearing and who has a high school education with some

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

college, has worked as a meter reader, groundskeeper, and roadway repair worker (Tr. 28-29, 189).   He filed a claim for Social Security disability benefits, alleging that he became disabled due to asthma (Tr. 136).  His claim was denied initially and upon reconsideration.

At his request, the plaintiff then received a <u>de novo</u> hearing before an administrative law judge.   The law judge found that the plaintiff had severe impairments of "asthma, hypertension without end organ damage, obesity and lumbar spine degenerative disc disease with vacuum phenomenon and osteophyte formation" (Tr. 16).  He concluded that the plaintiff has the residual functional capacity to perform light work with the following restrictions (Tr. 17):

> [H]e   can   occasionally   stoop   and   climb ladders/ropes/scaffolds.   The claimant cannot tolerate concentrated exposure to extreme cold temperature, humidity, fumes, odors, dusts, gases and poor ventilation.   Finally, he should avoid climbing at unprotected heights.

The law judge determined that, despite these limitations, the plaintiff could return to his past work as a meter reader (Tr. 20).  Accordingly, the law judge

ruled that the plaintiff was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

-4-

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff's sole issue focuses on his environmental allergies (Doc. 22, pp. 5-9). The plaintiff contends that the law judge failed to consider whether his allergies constitute a severe impairment. Further, the plaintiff argues that the law judge erred in finding that he could return to his past work as a meter reader because "he cannot work in an environment where he is exposed to outdoor allergens, especially on a constant basis" (<u>id</u>., p. 9). These assertions have merit and warrant reversal.

At the administrative hearing, the plaintiff testified that "[a]nything in the air" will trigger his breathing problem (Tr. 33-34). He stated that he experiences hay fever from exposure to oak trees and beechnut trees (Tr. 34). He receives allergy shots to aid his breathing, and he undergoes a breathing treatment at night (<u>id</u>.). He indicated that his allergy shots control his asthma attacks (<u>id</u>.).

This testimony is supported by a Certification of Health Care Provider form completed by Dr. Ranjith M. Shetty, the plaintiff's treating asthma and allergy specialist (Tr. 204-06). Dr. Shetty reported that the plaintiff has experienced severe environmental allergies since 1999, and the plaintiff's symptoms have "been progressively getting worse over the years" (Tr. 204). Dr. Shetty stated that the plaintiff's allergies make him "more prone for exacerbation of his asthma and shortness of breath" (id.). He opined that, depending on the severity of the episode, a flare up of the plaintiff's asthma could result in the plaintiff missing work for 1-2 weeks (id.). Finally, Dr. Shetty indicated that the plaintiff needs to wear a mask when "outside mowing the lawn" (Tr. 205).

The law judge "must state specifically the weight accorded each item of evidence and the reasons for his decision" on such evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Moreover, the law judge must consider the combined effects of impairments and make specific and well-articulated findings regarding those effects. Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987). Further, the law judge acknowledges that, in making his determination of the plaintiff's residual functional capacity, he "must

consider all of the claimant's impairments, including impairments that are not severe" (Tr. 15).

There is no mention in the law judge's decision of the plaintiff's testimony regarding environmental allergies or of Dr. Shetty's report. Correspondingly, there was no evaluation of the plaintiff's environmental allergies. The failure to evaluate that problem constitutes reversible error. Gibson v. Heckler, supra.

Contrary to the Commissioner's suggestion (Doc. 23, p. 5), the record fairly raises an impairment of environmental allergies. As previously noted, the plaintiff testified to that problem and the plaintiff's treating allergist, Dr. Shetty, commented on it. In addition, in a Work History Report, the plaintiff said that "my health started to decline because of my allergies & breathing" (Tr. 133). Further, he stated in a Disability Report: "Change of Season Kicked Up My Asthma. Have Not Gone for Allergy Shots for 9 Weeks[;] Can Not Afford It" (Tr. 151; see also Tr. 155). In addition, a report of a telephone contact with the plaintiff by an individual working on his claim stated that "[t]he claimant indicated that his condition has gotten a lot worse

b/c he has been unable to see the doctor for his allergy shots" (Tr. 168). The

report said further (id.):

> The claimant indicated that he was a meter reader
> from 97-2000 and that he had to read hundreds of
> meters per day. [H]e indicated that reading meters
> frequently put him in the line of his allergens. [H]e
> stated that they would have to obviously be outside
> and go into residential yards and read the meters.
> [T]his sometimes required him to lift covers off of
> the ground (kicking up dust / grass) or go behind
> bushes and flowers beds to read meters. [T]he
> claimant indicated that there is no way he would be
> able to do this job in his present state.

The record clearly raised the problem of environmental allergies and required

the law judge to evaluate that condition.

It is recognized that the law judge's residual functional capacity

finding imposed limitations concerning "concentrated exposure to extreme

cold temperature, humidity, fumes, odors, dusts, gases and poor ventilation"

(Tr. 17). That, however, does not account for the plaintiff's testimony that his

breathing problem is aggravated by outdoor irritants, such as oak trees and

beechnut trees. Consequently, the law judge's restriction does not remedy the

deficiency in considering whether the plaintiff has limitations with respect to

outdoor allergens.

The law judge's failure to evaluate the plaintiff's environmental allergies is significant in light of the finding that the plaintiff could return to work as a meter reader. The plaintiff's description of his past work indicates that this job required him to be outside to read water meters (Tr. 30-31). Further, the plaintiff has submitted the Dictionary of Occupational Titles description of meter reader which indicates the job involves constant exposure to weather and occasional exposure to other environmental conditions (Doc. 22-1).

Under these circumstances, an evaluation of the plaintiff's environmental allergies needed to be made. Moreover, a reasonable and specific finding concerning the functional limitations arising from the allergies, if any, was required. Absent such a finding, it cannot be determined whether the plaintiff can return to work as a meter reader. See Newton v. Astrue, 297 Fed. Appx. 880 (11th Cir. 2008).

Notably, the plaintiff points out that, if he could not return to past work at the fourth step of the Commissioner's sequential analysis, the inquiry at the fifth step would be whether the plaintiff could perform other work in the national economy. That would bring the medical-vocational

guidelines into play, and, under the guidelines, the plaintiff would be deemed disabled unless he had transferable work skills.  <u>See</u> 20 C.F.R. Part 404, Subpart P, App. 2, Rule 202.06.  Thus, the finding that the plaintiff could return to work as a meter reader appears critical.

The Commissioner argues that the law judge's decision should be affirmed because the evidence does not support a finding that the plaintiff's allergies constitute a severe impairment (Doc. 23).  However, the law judge did not make any findings along the lines argued by the Commissioner. Consequently, the Commissioner's argument is simply a <u>post hoc</u> rationalization.  <u>Post hoc</u> rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. <u>Motor Vehicle Manufacturers Association of the United States, Inc.</u> v. <u>State Farm Mutual Automobile Insurance Co.</u>, 463 U.S. 29, 50 (1983); <u>Baker</u> v. <u>Commissioner of Social Security</u>, 384 Fed. Appx. 893, 896 (11th Cir. 2010). The responsibility for making findings regarding the plaintiff's impairments is placed with the law judge, and not with the Commissioner's lawyer. Accordingly, the Commissioner's argument does not remedy the law judge's failure to evaluate the plaintiff's impairment of environmental allergies.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and

the matter is **REMANDED** for further consideration.  The Clerk shall enter

judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this ___ day of

February, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE